IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **RONALD MARCUS LEISTIKO,** | 10-CV-604-BR |
| Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| **INTERNATIONAL LONGSHORE & WAREHOUSE UNION/LOCAL 8, 2008 SECRETARY/EXECUTIVE OFFICERS, 2009 SECRETARY/EXECUTIVE OFFICER, 2008 LABOR RELATION OFFICERS, 2009 LABOR RELATION OFFICERS, ILWU N.W. AREA WELFARE DIRECTOR,** | |
| Defendants. | |

**RONALD MARCUS LEISTIKO**
# 4339604
2605 State Street
Salem, OR 97310

     Plaintiff, *Pro Se*

**THOMAS K. DOYLE**

1 - OPINION AND ORDER

Bennett Hartman Morris & Kaplan, LLP
111 S.W. Fifth Avenue
Suite 1650
Portland, OR 97204
(503) 227-4600

Attorneys for Defendant International Longshore & Warehouse Union Local 8

**BROWN, Judge.**

This matter comes before the Court on the Motion (#3) to Dismiss of Defendant International Longshore & Warehouse Union Local 8 (ILWU), Plaintiff's Motion (#5) for Stay, and Plaintiff's Motion (#16) for Remand to State Court. For the reasons that follow, the Court **GRANTS** ILWU's Motion to Dismiss and **DENIES** Plaintiff's Motions.

## BACKGROUND

On April 27, 2010, Plaintiff Ronald Marcus Leistiko filed an action in Multnomah County Circuit Court alleging a claim under state law for "negligent performance of ILWU/PCLCD, ILWU-PMA Pension Plan Contracts" in which he contends Defendants breached their "contractual legal duty imposed by the Pacific Coast Longshore Contract Document (PCLCD) International Longshore & Warehouse Union (ILWU) Local 8, and its constitution and by-laws."

On April 29, 2010, Plaintiff served ILWU with the complaint. Plaintiff has never served the other Defendants in this matter.

On May 26, 2010, ILWU removed the matter to this Court on the basis of complete preemption and federal-question jurisdiction pursuant to the Labor Management Relations Act (LMRA), 29 U.S.C. § 301.

On June 2, 2010, ILWU filed a Motion to Dismiss.  On July 11, 2010, Plaintiff filed a Motion for Stay.  On August 2, 2010, Plaintiff filed a Motion and Order to Remand to State Court.

**STANDARDS**

I.  **Motion to Dismiss**

Plaintiff has the burden to establish that the court has subject-matter jurisdiction.  *Ass'n of American Med. Coll. v. United States*, 217 F.3d 770 (9th Cir. 2000).

When deciding a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the court may consider affidavits and other evidence supporting or attacking the complaint's jurisdictional allegations.  *Autery v. U.S.*, 424 F.3d 944, 956 (9th Cir. 2005).  The court may permit discovery to determine whether it has jurisdiction.  *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).  When the court "receives only written submissions, the plaintiff need only make a *prima facie* showing of jurisdiction."  *Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1019 (9th Cir. 2002).

3 - OPINION AND ORDER

**II.  Motion to Remand**

28 U.S.C. § 1446(a) provides in pertinent part:  "A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal."  28 U.S.C. § 1446(b) provides in pertinent part:  "The notice of removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

A motion to remand is the proper procedure for challenging removal.  *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).  *See also Prize Frieze, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999), *overruled on other grounds by Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006).  The party seeking removal bears the burden of establishing by a preponderance of the evidence that all removal requirements are met.  *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).  *See also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

4 - OPINION AND ORDER

**DEFENDANT ILWU'S MOTION TO DISMISS**

ILWU moves to dismiss this matter on the grounds that Plaintiff's state-law claim is completely preempted by § 301 of the LMRA and is barred by the applicable statute of limitations.

## I.  Preemption under § 301 of the LRMA

Section 301 of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect of the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).  The Supreme Court has interpreted § 301 to authorize the federal courts to develop a federal common law for the interpretation of Collective Bargaining Agreements (CBA). *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 689 (2001) (citing *Textile Workers Union v. Lincoln Mills*, 353 U.S. 448, 451 (1957)).  This federal common law preempts the use of state contract law in interpreting and enforcing CBAs.  *Id*. (citing *Local 174, Teamsters of Am. v. Lucas Flour Co.*, 369 U.S. 95, 103-04 (1962)).  In 1985 the Supreme Court "expanded application of § 301 preemption beyond cases specifically alleging contract violation to those whose resolution 'is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract.'"  *Id*. (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985)).

5 - OPINION AND ORDER

In *Caterpillar, Inc. v. Williams*, the Supreme Court noted "the pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." The Court, however, pointed out that "§ 301 preempts only 'claims founded directly on rights created by collective-bargaining agreements, and also claims substantially dependent on analysis of a collective-bargaining agreement.'" 482 U.S. 386, 394 (1987) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23 (1983)).

In *Livadas v. Bradshaw*, the Supreme Court noted "it is the legal character of a claim, as 'independent' of rights under the collective-bargaining agreement . . . that decides whether a state cause of action [is preempted]." 512 U.S. 107, 122-24 (1994)(internal citations and quotations omitted). In summary,

> [i]f the plaintiff's claim cannot be resolved without interpreting the applicable CBA . . . it is preempted. *See also Hechler*, 481 U.S. at 861-62, 107 S. Ct. 2161. Alternatively, if the claim may be litigated without reference to the rights and duties established in a CBA . . . it is not preempted. *See also Livadas*, 512 U.S. at 124-25, 114 S. Ct. 2068. The plaintiff's claim is the touchstone for this analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim. If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense. *See Caterpillar*, 482 U.S. at 398-99, 107 S. Ct. 2425.

*Cramer*, 255 F.3d at 691.

6 - OPINION AND ORDER

>        This is true even in some instances in which the
>        plaintiffs have not alleged a breach of contract
>        in their complaint, if the plaintiffs' claim is
>        either grounded in the provisions of the labor
>        contract or requires interpretation of it.  *See
>        Lueck*, 471 U.S. at 210, 105 S. Ct. 1904 ("If the
>        policies that animate [section] 301 are to be
>        given their proper range,. . . the preemptive
>        effect of [section] 301 must extend beyond suits
>        alleging contract violations.").  Otherwise,
>        parties would be able "to evade the requirements
>        of section 301 by relabeling their contract claims
>        as claims for tortious breach of contract" or some
>        other state cause of action, and thus "elevate
>        form over substance."  *Id*. at 211, 105 S. Ct.
>        1904.

*Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1060 (9th Cir. 2007).

## II.  Plaintiff's claim is preempted under § 301 of the LMRA.

As noted, Plaintiff brings a claim under state law for "negligent performance of ILWU/PCLCD, ILWU-PMA Pension Plan Contracts" in which he contends Defendants breached their "contractual legal duty imposed by the Pacific Coast Longshore Contract Document (PCLCD) International Longshore & Warehouse Union (ILWU) Local 8, and its constitution and by-laws" when ILWU "deregistered" Plaintiff from the union.  Because Plaintiff's claim obviously is "grounded in the provisions of the labor contract or requires interpretation of it," it is preempted by § 301 of the LMRA.

Plaintiff appears to concede he is alleging a claim for violation of the CBA or labor agreement by ILWU in the nature of an action for breach of the ILWU's duty of fair representation as

7 - OPINION AND ORDER

required by the CBA or labor agreement. Nevertheless, Plaintiff contends his claim is not preempted by the LMRA because he is no longer an "employee" or member of the ILWU because he was "deregistered" in 2008. The Ninth Circuit, however, has held claims by deregistered members of a union may also be preempted by the LMRA. *See Hernandez v. Pac. Mar. Ass'n*, No. 08-55490, 2010 WL 2000720, at *2 (9th Cir. May 19, 2010)(claims by deregistered member of the defendant's union preempted by § 301 of the LMRA).

The Court, therefore, concludes Plaintiff's claim is preempted by § 301 of the LMRA.

### III. Plaintiff's claim is time-barred.

ILWU also asserts Plaintiff's claim is time-barred under the applicable statute of limitations.

Although § 301 of the LMRA does not contain a statute of limitations, the Supreme Court has held in an action "against . . . a union for breach of its duty of fair representation, the six-month statute of limitations from the National Labor Relations Act, section 10(b) applies." *DelCostello v. Teamsters*, 462 U.S. 151, 163-164 (1983). *See also Pencikowski v. Aerospace Corp.*, 340 F. App'x 416, 417-18 (9th Cir. 2009)(same).

In Plaintiff's Response to ILWU's Motion to Dismiss, Plaintiff concedes he had actual notice of his deregistration on May 1, 2009. Plaintiff, however, did not file this action until

8 - OPINION AND ORDER

April 27, 2010, almost 12 months after he had actual notice of the deregistration that forms the basis for his claim.

On this record, the Court concludes Plaintiff's claim is time-barred under the statute of limitations applicable to claims under § 301 of the LMRA. Accordingly, the Court grants ILWU's Motion to Dismiss.

### PLAINTIFF'S MOTION FOR STAY OF REMOVAL AND PLAINTIFF'S MOTION AND ORDER TO REMAND TO STATE COURT

In his Motion for Stay of Removal and Motion and Order to Remand to State Court, Plaintiff moves to "stay removal" and to remand this matter on the ground that ILWU did not timely remove this action.

As noted, 28 U.S.C. § 1446(b) provides in pertinent part: "The notice of removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

Plaintiff asserts because he sent ILWU a "Tort Claim Notice" on February 11, 2010, ILWU's removal period should have begun at that time. As noted, however, Plaintiff did not file this action until April 27, 2010, and the removal period does not begin until service or receipt of the initial pleading filed in the action. Moreover, Plaintiff's "Tort Claim Notice" contained a draft

9 - OPINION AND ORDER

complaint that differs substantially from the complaint that Plaintiff ultimately filed, and, therefore, it did not, in any event, provide actual notice to ILWU of the claim that Plaintiff would be bringing in court.  The removal period, therefore, did not begin to run for ILWU on February 11, 2010.

Plaintiff also asserts the 21-day deadline for responding to a complaint set out in Federal Rule of Civil Procedure 12 applies to the time to remove an action.  Federal Rule of Civil Procedure 12, however, applies to the time required to file a responsive pleading "*[u]nless another time is specified by . . . a federal statute*."  Fed. R. Civ. P. 12(a)(1)(emphasis added).  As noted, the removal statute provides a defendant must file a notice of removal of a civil action within thirty days after the defendant is served with the complaint.  Accordingly, the Court concludes the 21-day deadline to file a responsive pleading set out in Federal Rule of Civil Procedure 12 does not apply to notices of removal.

Plaintiff concedes in his Affidavit in Support of his Motion for Stay that he served ILWU with the complaint on April 29, 2010.  The record reflects ILWU removed the matter to this Court on May 26, 2010, which is within 30 days of the date that Plaintiff served his complaint on ILWU.  The Court, therefore, concludes ILWU's removal of this action was timely.

Accordingly, the Court denies Plaintiff's Motion for Stay of

10 - OPINION AND ORDER

Removal and Plaintiff's Motion and Order to Remand to State Court.

Generally, courts give a plaintiff proceeding *pro se* an opportunity to amend a defective complaint when amendment would not be futile.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  The Court, however, concludes it would be futile to allow Plaintiff to amend his Complaint because his claim is preempted by the LMRA and time-barred by the applicable statute of limitations.  Accordingly, the Court declines to allow Plaintiff to amend his Complaint and dismisses this matter with prejudice.

## CONCLUSION

For these reasons, the Court **GRANTS** ILWU's Motion (#3) to Dismiss, **DENIES** Plaintiff's Motion (#5) for Stay, **DENIES** Plaintiff's Motion (#16) for Remand to State Court, and **DISMISSES** this matter **with prejudice.**

IT IS SO ORDERED.

DATED this 26th day of October, 2010.

/s/ Anna J. Brown

ANNA J. BROWN
United States District